UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SANDRA KAFENBAUM and STEVEN SCHULMAN, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

GTECH HOLDINGS CORPORATION, WILLIAM Y. O'CONNOR, STEPHEN P. NOWICK and W. BRUCE TURNER,

Defendants.

CA 00 413L

**MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND**

Based upon the annexed affidavit of Michael Rosenbaum of Berdon Claims Administration LLC ("Berdon"), the Claims Administrator, and the accompanying memorandum of law, and upon all prior proceedings herein, the undersigned hereby move this Court for an Order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure: (i) approving the administrative determinations of Berdon accepting and rejecting claims submitted herein; (ii) directing payment of $105,294.46 out of the Settlement Fund to Berdon for the balance of its fees and expenses incurred and to be incurred in connection with services performed and to be performed with respect to the administration, taxation, and distribution of the Settlement Fund; (iii) directing that pursuant to paragraph 4 of the Stipulation and Agreement of Settlement, the Defendants' Insurer immediately pay $55,396.81 to the Gross Settlement Fund to reimburse the Fund for all costs incurred in connection with providing notice of the Settlement to the Class; (iv) directing distribution of the Net Settlement Fund, after deduction of the payment requested herein and the reimbursement of all notice costs paid out of the Fund, to Class Members whose Proofs of Claim have been accepted; (v) authorizing destruction of paper copies of Proof of

Claim forms one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund; and (vi) for such other and further relief as this Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order in the form of the proposed Order Re: Distribution of Class Settlement Fund annexed hereto as Exhibit A.

Dated: Providence, Rhode Island
September 21, 2005

Respectfully Submitted,

Barry J. Kusinitz RI Bar # 1404
155 South Main Street, Suite 405
Providence, RI 02903
(401) 831-4200

**Plaintiffs' Liaison Counsel**

Richard H. Weiss, Esq.
**MILBERG WEISS BERSHAD & SCHULMAN LLP**
One Pennsylvania Plaza
New York, New York 10119
(212) 594-5300

James E. Tullman, Esq.
**WEISS & LURIE**
551 Fifth Avenue
New York, New York 10176
(212) 682-3025

**Plaintiffs' Co-Lead Counsel**

**Certification**

I hereby certify that I mailed a copy of the above, together with an accompanying affidavit, to the following by regular mail, postage prepaid, on this 21st day of September, 2005: William H. Paine, Esq., WILMER, CUTLER PICKERING HALE & DORR, LLP, 60 State Street, Boston, MA 02109; Mark A. Pogue, Esq., EDWARDS & ANGELL, LLP, 2800 Financial Plaza, Providence, RI 02903; and Richard George, Esq., LEWIS BRISBOIS BISGAARD & SMITH, LLP, 199 Water Street, 25th Floor, New York, NY 10038.

***EXHIBIT A***

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SANDRA KAFENBAUM and STEVEN SCHULMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GTECH HOLDINGS CORPORATION, WILLIAM Y. O'CONNOR, STEPHEN P. NOWICK and W. BRUCE TURNER,<br><br>Defendants. | CA 00 413L |

**ORDER RE: DISTRIBUTION OF CLASS SETTLEMENT FUND**

**WHEREAS**, the parties to the above-captioned action (the "Action") entered into a Stipulation and Agreement of Settlement dated June 3, 2004 (the "Stipulation") which provided for a settlement of this Action; and

**WHEREAS**, on September 22, 2004, this Court entered an Order and Final Judgment approving the terms of the Stipulation for the settlement of this Action on behalf of a class consisting of all persons or entities who purchased the common stock of GTECH Holdings Corp. ("GTECH") during the period from June 13, 1998 through August 29, 2000, inclusive (the "Class"); and

**WHEREAS**, this Court has directed the parties to consummate the terms of the Stipulation and the Plan of Allocation; and

**WHEREAS**, pursuant to paragraph 4 of the Stipulation, GTECH and its insurers have paid the $10,250,000 Settlement Amount into escrow on behalf of Plaintiffs and the Class; and

**WHEREAS**, paragraph 4 of the Stipulation also provides that, in addition to the payment of the Settlement Amount, the Defendants' Insurer shall separately reimburse the Gross Settlement Fund for all costs of disseminating notice to the Class ("Notice Costs") paid out of the Fund, which shall not exceed $180,000; and

**WHEREAS**, the Claims Administrator, Berdon Claims Administrator LLC ("Berdon") has incurred Notice Costs totaling $55,396.81 for which Plaintiffs Co-Lead Counsel have requested Defendants' Insurer to reimburse to the Gross Settlement Fund in accordance with the terms of the Stipulation; and

**WHEREAS**, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants.

**NOW, THEREFORE**, upon reading and filing the Affidavit of Michael Rosenbaum in Support of Motion for Class Distribution Order, and the memorandum of law, and upon all prior proceedings heretofore had herein and after due deliberation, it is hereby

**ORDERED**, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Affidavit of Michael Rosenbaum, including claims submitted after September 8, 2004 and up until September 13, 2005, be and the same hereby are approved, and said claims are hereby accepted; and it is further

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described

in the Affidavit of Michael Rosenbaum be and the same hereby are approved, and said claims are hereby rejected; and it is further

**ORDERED**, that Berdon be paid the sum of $105,294.46 from the Gross Settlement Fund for the balance of its fees and expenses incurred and to be incurred in connection with services performed and to be performed with respect to the administration, taxation, and distribution of the Net Settlement Fund; and it is further

**ORDERED**, that the Defendants' Insurer shall immediately pay $55,396.81 to the Gross Settlement Fund in reimbursement of all Notice Costs paid out of the Fund, as provided in paragraph 4 of the Stipulation; and it is further

**ORDERED**, that the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the eligible claimants listed on the computer printout submitted with the Affidavit of Michael Rosenbaum in proportion to the Recognized Claim allocable to each such eligible claimant as shown on such printout; and it is further

**ORDERED**, that the payments to be distributed to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its distribution within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue payments to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, after one year after the initial distribution of the Net Settlement Fund to eligible claimants and after reasonable and diligent efforts have been made to have the eligible claimants cash their distributions, Plaintiffs' Co-Lead Counsel are authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid distributions or otherwise, to eligible claimants who have cashed their distributions, provided that they would receive at least $10.00 on such re-distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel; and it is further

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order, and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action; and it is further

**ORDERED**, that no claim submitted after September 13, 2005 may be accepted for any reason whatsoever.

Dated: Providence, Rhode Island
__________________, 2005

**BY THE COURT:**

____________________________
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SANDRA KAFENBAUM and STEVEN SCHULMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GTECH HOLDINGS CORPORATION, WILLIAM Y. O'CONNOR, STEPHEN P. NOWICK and W. BRUCE TURNER,<br><br>Defendants. | CA 00 413L |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND**

Plaintiffs respectfully move the Court for an Order: (i) approving the administrative determinations of the Claims Administrator, Berdon Claims Administration LLC ("Berdon"), accepting and rejecting claims submitted herein; (ii) directing payment of $105,294.46 out of the Settlement Fund to Berdon for the balance of its fees and expenses incurred and to be incurred in connection with services performed and to be performed with respect to the administration, taxation, and distribution of the Settlement Fund; (iii) directing that pursuant to paragraph 4 of the Stipulation and Agreement of Settlement, the Defendants' Insurer immediately pay $55,396.81 to the Gross Settlement Fund to reimburse the Fund for all costs incurred in connection with providing notice of the Settlement to the Class; (iv) directing distribution of the Net Settlement Fund, after deduction of the payment requested herein and the reimbursement of all notice costs paid out of the Fund, to Class Members whose Proofs of Claim have been

accepted; (v) authorizing destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund; and (vi) for such other and further relief as this Court deems appropriate.

Plaintiffs' Co-Lead Counsel file the within Motion pursuant to paragraph 11 of the Stipulation and Agreement of Settlement dated June 3, 2004, which requires Plaintiffs' Co-Lead Counsel to apply to the Court, on notice to Defendants' Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Clams Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

**BACKGROUND**

On June 3, 2004, Plaintiffs and Defendants GTECH Holdings Corporation ("GTECH"), William Y. O'Connor, Stephen P. Nowick, and W. Bruce Turner, entered a Stipulation and Agreement of Settlement (the "Stipulation"). The Stipulation provided for the settlement of this action on behalf of a Class consisting of all persons or entities who purchased the common stock of GTECH during the period from June 13, 1998 through August 29, 2000, inclusive.

A Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") was mailed to all Class Members pursuant to the Preliminary Approval Order dated June 7, 2005.

On September 22, 2004, the Court held a hearing to consider the proposed settlement, at which hearing the Court approved the proposed settlement as fair, reasonable, and adequate, and dismissed this action as against the Defendants, and directed the parties to consummate the Stipulation in accordance with its terms and provisions.

Pursuant to the Court's Preliminary Approval Order, Plaintiffs' Co-Lead Counsel retained Berdon, a firm specializing in the administration of class action settlements located in Jericho, New York, to print and mail copies of the Notice and a Proof of Claim form to the members of the Class, to publish a summary notice, to process the Proof of Claim forms submitted by Class Members, to prepare tax returns for the Settlement Fund, to allocate the Net Settlement Fund among the Class Members, and to effectuate distribution of the Net Settlement Fund to the Class Members who submitted acceptable Proofs of Claim.

**CLAIMS ADMINISTRATION**

Under the terms of the Stipulation, a $10,250,000 Settlement Fund was established for the settlement of the class claims asserted against the Defendants. Pursuant to the Stipulation and the Notice, all Class Members wishing to participate in the Settlement Fund were required to submit Proofs of Claims by mail, postmarked on or before September 8, 2004. As demonstrated by the accompanying Affidavit of Michael Rosenbaum in Support of Motion for Distribution of Class Settlement Fund (the "Rosenbaum Affidavit"), Berdon received and reviewed all submitted claims and, to the extent that a claim was deficient in any regard, Berdon notified the claimant of the deficiency and advised the claimant as to the possible ways to cure the deficiency. Where a claimant failed to cure a defective claim after notice, or where the claim showed that the claimant was not entitled to receive a share of the Net Settlement Fund, Berdon

notified the claimant of the rejection of the claim and provided the claimant with notice of the method for the claimant to request this Court's review of Berdon's administrative determination rejecting the claim. Copies of sample deficiency and rejection letters are attached as exhibits to the Rosenbaum Affidavit. See Rosenbaum Aff. at ¶ 7.

Pursuant to paragraph 17(e) of the Stipulation, all rejection letters specifically provided that a claimant had the right, within twenty days after the mailing of the rejection, to contest the rejection and request a hearing before the Court. No claimants have outstanding requests for this Court's review of the rejection of their claims.

Approximately 103 accepted claims were received after the September 8, 2004 submission deadline. No claim has been rejected because it was received after the initial submission deadline and we believe no delay has resulted from the acceptance of these claims. It is our belief that when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was submitted after the cut-off date, but while the claims were still being processed. Accordingly, it is respectfully requested that this Court approve the administrative determination not to reject claims submitted after the September 8, 2004 deadline because of lateness.

However, there must be a final cut-off date after which no more claims may be accepted in order that there may be a proportional distribution of the Net Settlement Fund. Acceptance of any claim received after preparation of this application would necessarily require a delay in the distribution. Accordingly, it is also respectfully requested that this Court enter an Order directing that no claim submitted after September 13, 2005, a date during the preparation of this application, be accepted for any reason whatsoever. See In re Orthopedic Bone Screw Prods.

Liab. Litig., 246 F.3d 315, 329 (3d Cir. 2001) ("There is no question that in the distribution of a large class settlement fund, 'a cutoff date is essential and at some point the matter must be terminated.'") (citations omitted).

It is respectfully requested that the Court approve the administrative actions accepting and rejecting claims as set forth herein.

**FEES AND EXPENSES OF CLAIMS ADMINISTRATOR IN CONNECTION WITH PROVIDING NOTICE TO THE CLASS AND ADMINISTERING AND DISTRIBUTING THE SETTLEMENT FUND**

Pursuant to Paragraph 4 of the Stipulation, Defendants' insurer is obligated to reimburse the Gross Settlement Fund for "the costs of disseminating notice to the Class…and the costs to reimburse brokers and other nominee owners for identifying their beneficial owners who purchased GTECH common stock during the Class Period and for providing the Claims Administrator with a list of such names and addresses or for forwarding copies of the Settlement Notice and Proof of Claim forms directly to their beneficiaries ("Notice Costs"), which shall not exceed $180,000." The Stipulation provides that all reimbursement payments for Notice Costs shall be separate from and in addition to the $10,250,000 Settlement Amount and shall be made by the Defendants' Insurer "upon receipt of an affidavit from Plaintiffs' Counsel and/or the Claims Administrator specifying in detail every amount and element of the Notice Costs for which reimbursement is sought."

In addition, pursuant to the Stipulation, and as described to members of the Settlement Class in the Notice, Plaintiffs reserved the right to apply for a supplemental award of fees and expenses incurred in connection with the administration and distribution of the Settlement. Also, in this Court's Order and Final Judgment dated September 22, 2004 (the "Final Order"), the

Court retained exclusive jurisdiction "over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and [the] Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class."

By letter dated July 30, 2004, Plaintiffs' Co-Lead Counsel provided Defendants' Counsel and Counsel for Defendants' Insurer with a copy of an Affidavit from the Claims Administrator itemizing the Notice Costs for which reimbursement to the Gross Settlement Fund was sought under the terms of the Stipulation. The Claims Administrators' Affidavit included an invoice for Notice Costs totaling $50,549.19 and provided supporting documentation specifying in detail every amount and element of such costs. Copies of the July 30, 2004 letter and the Claims Administrators' Affidavit are attached to the Rosenbaum Affidavit as Exhibit H.

As of the date of this Motion, the Gross Settlement Fund has not received reimbursement from Defendants' Insurer for any of the $50,549.19 owed to the Gross Settlement Fund pursuant to the terms of the Stipulation and as specified in the Affidavit of the Claims Administrator dated July 26, 2004. Also, since the July 30, 2004 Affidavit, the Claims Administrator has incurred an additional $4,847.62 in Notice Costs which are specified in detail on the invoice and supporting documentation attached as Exhibit G to the Rosenbaum Affidavit. Therefore, Plaintiffs request that the Court enter an order directing the Defendants' Insurer to immediately reimburse the Gross Settlement Fund for Notice Costs totaling $55,396.81.

Plaintiffs also request that the Court authorize payment of the balance of Berdon's fees and expenses for its services in mailing and publishing notice to the Settlement Class, fulfilling

all requests for copies of the Notice, processing the claims, filing all tax returns on behalf of the Settlement Fund, allocating the Net Settlement Fund among the Class Members, and distributing the Net Settlement Fund to the Authorized Claimants. As described in Rosenbaum Affidavit, Berdon's fees for all services rendered and to be rendered on behalf of the Class amount to $95,129.00 and its out-of-pocket expenses incurred and to incurred total $60,714.65. As also described in the Rosenbaum Affidavit, Berdon has been paid $50,549.19 out of the Gross Settlement Fund for its out-of-pocket expenses incurred in providing notice to the Class through July 26, 2004. Therefore, the balance of Berdon's outstanding fees and out-of-pocket expenses total $105,294.46 and it is respectfully requested that the Court authorize payment of the full amount of such fees and expenses out of the Gross Settlement Fund to Berdon prior to the distribution of the Settlement Fund to the Class Members.

**DISTRIBUTION OF NET SETTLEMENT FUND**

It is also respectfully requested that the Court enter an Order authorizing distribution of the balance of the Settlement Fund after the deduction of the fees and expenses previously awarded and requested herein and the reimbursement of all notice costs paid out of the Fund (the "Net Settlement Fund") to the Class Members whose claims have been accepted as listed on the computer printout of accepted claims submitted with the Rosenbaum Affidavit in proportion to their Recognized Claims as shown therein. See Ex. C to Rosenbaum Aff.

It is also respectfully requested that the Court bar any further claims against the Net Settlement Fund and release and discharge from any and all claims beyond the amount allocated to them arising out of the claims administration, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or

otherwise involved in the administration of the Settlement Fund or the Net Settlement Fund be released and discharged from any and all claims arising out of such involvement beyond the amount allocated to them.

**DISPOSITION OF ANY UNCLAIMED/UNCASHED BALANCE**

It may be expected that not all of the payments to be distributed to accepted Class Members will be cashed promptly. In order to encourage Class Members to promptly cash their distributions and to avoid or reduce future expenses relating to unpaid distributions, we propose that all the distribution drafts bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE]."

The Plan of Allocation for the Net Settlement Fund set forth in the Notice provides that payments will be distributed to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. In order to allow a final distribution of any balance that may remain in the Settlement Fund after the initial distribution, whether by reason of returned funds, tax refunds, interest, uncashed drafts, or otherwise, the Plan of Allocation also provides that any funds that remain in the Net Settlement Fund one year after the initial distribution shall be re-distributed to Class Members who have cashed their payments and who would receive at least $10.00 from such re-distribution. If after six months following such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel.

The Final Order approved the Plan of Allocation and directed Plaintiffs' Co-Lead Counsel and the Claims Administrator to administer the Stipulation in accordance with its terms and provisions.

**THE ORDER FOR DISTRIBUTION OF CLASS SETTLEMENT FUND SHOULD BE APPROVED**

Plaintiffs submit that the work performed by Berdon, as explained above, was conducted fairly and in accordance with the terms and provisions of the Stipulation. Accordingly, Plaintiffs have moved for an Order: (i) approving the administrative determinations of Berdon accepting and rejecting claims submitted herein; (ii) directing payment of $105,294.46 out of the Settlement Fund to Berdon for the balance of its fees and expenses incurred and to be incurred in connection with services performed and to be performed with respect to the administration, taxation, and distribution of the Settlement Fund; (iii) pursuant to paragraph 4 of the Stipulation and Agreement of Settlement, directing that the Defendants' Insurer immediately pay $55,396.81 to the Gross Settlement Fund to reimburse the Fund for all costs incurred in connection with providing notice of the Settlement to the Class; (iv) directing distribution of the Net Settlement Fund, after deduction of the payment requested herein and the reimbursement of all notice costs paid out of the Fund, to Class Members whose Proofs of Claim have been accepted; (v) authorizing destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund; and (vi) for such other and further relief as this Court deems appropriate.

**CONCLUSION**

Plaintiffs' Motion for Distribution of Class Settlement Fund should be approved.

Dated: Providence, Rhode Island
September 21, 2005

Respectfully Submitted,

Barry J. Kusinitz RI Bar # 1404
155 South Main Street, Suite 405
Providence, RI 02903
(401) 831-4200
**Plaintiffs' Liaison Counsel**

Richard H. Weiss, Esq.
**MILBERG WEISS BERSHAD & SCHULMAN LLP**
One Pennsylvania Plaza
New York, New York 10119
(212) 594-5300

James E. Tullman, Esq.
**WEISS & LURIE**
551 Fifth Avenue
New York, New York 10176
(212) 682-3025
**Plaintiffs' Co-Lead Counsel**

**Certification**

I hereby certify that I mailed a copy of the above to the following by regular mail, postage prepaid, on this 21st day of September, 2005: William H. Paine, Esq., WILMER, CUTLER PICKERING HALE & DORR, LLP, 60 State Street, Boston, MA 02109; Mark A. Pogue, Esq., EDWARDS & ANGELL, LLP, 2800 Financial Plaza, Providence, RI 02903; and Richard George, Esq., LEWIS BRISBOIS BISGAARD & SMITH, LLP, 199 Water Street, 25th Floor, New York, NY 10038.