UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SANDRA KAFENBAUM and STEVEN SCHULMAN, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

GTECH HOLDINGS CORPORATION, WILLIAM Y. O'CONNOR, STEPHEN P. NOWICK and W. BRUCE TURNER,

Defendants.

CA 00 413L

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

**AFFIDAVIT OF MICHAEL ROSENBAUM IN SUPPORT OF MOTION FOR CLASS DISTRIBUTION ORDER**

MICHAEL ROSENBAUM, being duly sworn, deposes and says:

1. I am the Managing Director of Berdon Claims Administration LLC ("Berdon"), Claims Administrator in the above-captioned class action. I am and have been the person at Berdon primarily responsible for administering the settlement of this litigation and in that capacity I have worked with Plaintiffs' Co–Lead Counsel, Milberg Weiss Bershad & Schulman LLP and Weiss & Lurie ("Lead Counsel"). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I make this affidavit in support of Plaintiffs' application for an Order authorizing the distribution of the Net Settlement Fund, to describe the claims administration process that Berdon

has provided in this matter, and to request that the Court approve the payment of the balance of Berdon's fees and expenses in the total amount of $105,294.46.

3. The Court authorized Lead Counsel to retain Berdon as Claims Administrator, to arrange for the printing and mailing of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), and the Proof of Claim and Release (the "Proof of Claim") on June 25, 2004, to all persons who purchased the common stock of GTECH Holdings Corporation ("GTECH") from July 13, 1998 through and including August 29, 2000 (the "Class"). This office was also responsible for the publication of the Summary Notice of Pendency of Class Action, Proposed Settlement and Settlement Hearing ("Summary Notice") in the national edition of *The Wall Street Journal* on July 2, 2004, in addition to performing all procedures necessary to the administration of claims, allocating the Net Settlement Fund among the Class Members, and preparing any required tax returns in connection with the Settlement Fund.

4. In connection with providing notice to the Class, Berdon dealt directly with a financial printer with regard to the Notice and with an advertising agency with regard to the Summary Notice. We made formatting suggestions to, and compiled comments from, Lead Counsel on the galley proofs, causing the necessary revisions to be made.

5. To effect the initial mailing of the Notice and Proof of Claim to the Class, Berdon created 2,250 mailing labels from: (a) shareholder records provided to this office by GTECH's transfer agent; (b) the brokers, banks and other nominees appearing on the Participant Proxy List of the Depository Trust company; (c) the specific research and/or compliance personnel of said brokers, banks and other nominees, identified from a data base created and maintained by Berdon; and (d) financial institutions identified by Vickers Directory of Institutional Investors as having held positions in GTECH during the Class Period. Subsequent to the initial mailing and up to October

12, 2004, this office mailed an additional 8,306 copies of the Notice in response to all requests therefor.

6. Pursuant to our obligations as Claims Administrator, Berdon has reviewed and analyzed the 1,795 Proof of Claim forms that were received from Class Members. We have answered all questions regarding the action, the Settlement and the procedures for filling out the claim forms. We were also in close contact with Lead Counsel to review the administration process and to address concerns regarding claims that Berdon had deemed either questionable or problematic. Our final report (the "Summary of the Claims Administration Process"), which is described in detail below, is annexed hereto as **Schedule 1**.

7. In reviewing the Proofs of Claim that have been submitted, Berdon determined that some were deficient or incomplete. Among the various types of deficiencies found were: (a) claim forms were not filled out completely; (b) claim forms were not signed by the proper party, or at all; (c) individuals signing claim forms on behalf of others did not submit proof of authority to file on behalf of those claimants; or (d) claimants failed to submit adequate documentation of the purchases, sales or holdings of GTECH common stock during the Class Period, or otherwise failed to give adequate information as to Class Period purchases, sales and/or holdings. Berdon mailed letters to these claimants (see Exhibit A attached hereto), requesting that they cure the deficiencies in their claims, and they were given at least 20 days to do so. In many cases the deficiencies were cured. If the deficiencies were not cured, Berdon mailed final notices to these claimants (see Exhibit B attached hereto) and made follow-up telephone calls where further clarification was required with respect to supporting documentation.

8. Berdon's "Summary of the Claims Administration Process" (attached hereto as Schedule 1) sets forth the final status of claims received by this office, detailed as follows:

a. **Properly Documented Claims**: Berdon has identified 1,416 properly documented claim forms, with Recognized Claims amounting to $66,240,757.65 (see Exhibit C attached hereto), which were calculated in the manner outlined in the Notice and subject to the following limitations:

To the extent a claimant had a gain from his, her or its overall transactions in GTECH common stock during the Class Period, the value of the Recognized Claim is zero. To the extent that a claimant sustained an overall loss on his, her or its overall transactions in GTECH common stock during the Class Period, but that loss was less than the Recognized Claim, then the Recognized Claim is limited to the amount of the actual loss. The actual profits and losses were computed in accordance with the guidelines outlined in the Notice.

In processing claims, the first-in, first-out basis was applied to purchases and sales in the computation of both Recognized Claims and actual profits or losses.

Included therein are 107 claim forms that were received after the filing deadline. We believe the late filing of these claim forms was through no substantial fault of these Class Members, and that no other Class Members will be unduly prejudiced by the acceptance of these claims. Accordingly, it is respectfully requested that all of these otherwise valid and complete claims which were submitted late be approved as calculated.

However, there must be a final cut-off date after which no more claims may be accepted in order to effect a proportional distribution of the Net Settlement Fund, and acceptance of any claim received after preparation of this application would necessarily require a delay in the distribution. Accordingly, it is also respectfully requested that this Court order that no claim be accepted for any reason whatsoever if it is submitted after September 13, 2005, a date during the preparation of this application.

b. **Claims Not Documented**: Berdon has identified 64 inadequately documented or completely undocumented claim forms with estimated Recognized Claims amounting to $158,692.07 that cannot be verified, and we recommend that these claims be rejected (see Exhibit D attached hereto). As stated above, we have communicated with each of these claimants and have advised them of our determination and their right to a review by the Court. None has objected to or contested this determination, and none has requested a review.

c. **Ineligible Claims**: Berdon has identified 315 claims which we recommend for complete rejection (see Exhibit E attached hereto). Included in this category are: (i) claims with no purchases of GTECH common stock made during the Class Period; and (ii) duplicate claims. All of these claimants have been notified (see Exhibit F attached), and none has objected to or contested this determination.

10. Pursuant to the Plan of Allocation, as set forth in the Notice, each Authorized Claimant will receive a proportionate share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim.

11. Berdon's fees for all of its services rendered and to be rendered in this case are $95,129.00. Berdon's services are itemized in the annexed invoice (see Exhibit G attached hereto), to which the Court is specifically referred. The fee covers a variety of services, including, but not limited to: (a) creating databases and computer programming services, (b) arranging for the printing of the Notice; (c) arranging for the publication of the Summary Notice; (d) creating mailing labels for the initial mailing; (e) fulfilling all subsequent requests from Class Members and potential Class Members for copies of the Notice; (f) reviewing and analyzing claims; (g) providing telephone and e-mail assistance to claimants; (h) calculating the Recognized Claims for ultimate distribution of the Net Settlement Fund; (i) preparing income tax returns; (j) preparing an affidavit of mailing and

publication as well as this affidavit; (k) calculating the amount of the Net Settlement Fund to be distributed to each Authorized Claimant; and (l) after Court approval, distributing the Net Settlement Fund to all Authorized Claimants.

12. Additionally, during the course of the claims administration, this office has incurred, and will incur, out-of-pocket expenses in the total amount of $60,714.65. In a previous interim invoice, a copy of which is attached hereto as Exhibit H, the undersigned listed the out-of-pocket expenses incurred by Berdon through July 26, 2004 in providing Class notice in the aggregate sum of $50,549.19. That amount has been reimbursed to this office. Subsequent to July 26, 2004, as detailed on Exhibit G, Berdon incurred and will incur the additional sum of $10,165.46 in actual out-of-pocket costs, $4,847.62 of which constitutes the costs of disseminating notice to the Class and which is reimbursable to the Gross Settlement Fund by the Defendants' Insurer pursuant to paragraph 4 of the Stipulation.

13. Therefore, as reflected on Exhibit G, the balance of Berdon's outstanding fees and expenses total $105,294.46 ($95,129.00 in total fees plus $60,714.65 in total out-of-pocket expenses, minus $50,549.19 for reimbursed expenses). Accordingly, it is respectfully requested that the Court direct the payment of $105,294.46 to Berdon out of the Gross Settlement Fund prior to the distribution to Class Members.

[signature]
MICHAEL ROSENBAUM

Sworn to before me this
15th day of September, 2005

[signature]
Notary Public

MARLENE HURWITZ
NOTARY PUBLIC, State of New York
No. 46-97422
Qualified in Nassau County
Commission Expires April 30, 2007

Schedule 1

**GTECH HOLDINGS CORPORATION SECURITIES LITIGATION**
**SUMMARY OF THE CLAIMS ADMINISTRATION PROCESS**
**AS OF SEPTEMBER 15, 2005**

| | NUMBER OF CLAIMS | RECOGNIZED CLAIMS | DISALLOWED CLAIMS | TOTAL |
|---|---|---|---|---|
| Properly documented claims, which we recommend be included in the calculation of each claimant's allocable share of the Net Settlement Fund, including 107 claims received past the filing deadline **(Exhibit C)** | 1,416 | $ 66,240,757.65 | - | $ 66,240,757.65 |
| Undocumented claims, which did not include sufficient documentation for Class Period trading activity, and which we recommend not be included in the calculation of the allocable share of the Net Settlement Fund. **(Exhibit D)** | 64 | - | $ 158,692.07 | 158,692.07 |
| Ineligible claims **(Exhibit E)** | 315 | - | - | - |
| **Total** | **1,795** | **$ 66,240,757.65** | **$ 158,692.07** | **$ 66,399,449.72** |