UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SANDRA KAFENBAUM and STEVEN SCHULMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GTECH HOLDINGS CORPORATION, WILLIAM Y. O'CONNOR, STEPHEN P. NOWICK and W. BRUCE TURNER,<br><br>Defendants. | CA 00 413L |

**ORDER RE: DISTRIBUTION OF CLASS SETTLEMENT FUND**

**WHEREAS**, the parties to the above-captioned action (the "Action") entered into a Stipulation and Agreement of Settlement dated June 3, 2004 (the "Stipulation") which provided for a settlement of this Action; and

**WHEREAS**, on September 22, 2004, this Court entered an Order and Final Judgment approving the terms of the Stipulation for the settlement of this Action on behalf of a class consisting of all persons or entities who purchased the common stock of GTECH Holdings Corp. ("GTECH") during the period from June 13, 1998 through August 29, 2000, inclusive (the "Class"); and

**WHEREAS**, this Court has directed the parties to consummate the terms of the Stipulation and the Plan of Allocation; and

**WHEREAS**, pursuant to paragraph 4 of the Stipulation, GTECH and its insurers have paid the $10,250,000 Settlement Amount into escrow on behalf of Plaintiffs and the Class; and

**WHEREAS**, paragraph 4 of the Stipulation also provides that, in addition to the payment of the Settlement Amount, the Defendants' Insurer shall separately reimburse the Gross Settlement Fund for all costs of disseminating notice to the Class ("Notice Costs") paid out of the Fund, which shall not exceed $180,000; and

**WHEREAS**, the Claims Administrator, Berdon Claims Administrator LLC ("Berdon") has incurred Notice Costs totaling $55,396.81 for which Plaintiffs Co-Lead Counsel have requested Defendants' Insurer to reimburse to the Gross Settlement Fund in accordance with the terms of the Stipulation; and

**WHEREAS**, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants.

**NOW, THEREFORE**, upon reading and filing the Affidavit of Michael Rosenbaum in Support of Motion for Class Distribution Order, and the memorandum of law, and upon all prior proceedings heretofore had herein and after due deliberation, it is hereby

**ORDERED**, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Affidavit of Michael Rosenbaum, including claims submitted after September 8, 2004 and up until September 13, 2005, be and the same hereby are approved, and said claims are hereby accepted; and it is further

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described

in the Affidavit of Michael Rosenbaum be and the same hereby are approved, and said claims are hereby rejected; and it is further

**ORDERED**, that Berdon be paid the sum of $105,294.46 from the Gross Settlement Fund for the balance of its fees and expenses incurred and to be incurred in connection with services performed and to be performed with respect to the administration, taxation, and distribution of the Net Settlement Fund; and it is further

**ORDERED**, that the Defendants' Insurer shall immediately pay $55,396.81 to the Gross Settlement Fund in reimbursement of all Notice Costs paid out of the Fund, as provided in paragraph 4 of the Stipulation; and it is further

**ORDERED**, that the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the eligible claimants listed on the computer printout submitted with the Affidavit of Michael Rosenbaum in proportion to the Recognized Claim allocable to each such eligible claimant as shown on such printout; and it is further

**ORDERED**, that the payments to be distributed to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its distribution within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue payments to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, after one year after the initial distribution of the Net Settlement Fund to eligible claimants and after reasonable and diligent efforts have been made to have the eligible claimants cash their distributions, Plaintiffs' Co-Lead Counsel are authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid distributions or otherwise, to eligible claimants who have cashed their distributions, provided that they would receive at least $10.00 on such re-distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel; and it is further

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order, and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action; and it is further

**ORDERED**, that no claim submitted after September 13, 2005 may be accepted for any reason whatsoever.

Dated: Providence, Rhode Island
12/6/, 2005

**BY THE COURT:**

Ronald R. Lagueux
Sr. United States District Judge
12/6/05